ARTHUR D. MITCHELL *v.* STATE OF INDIANA

[No. 178S4. Filed December 5, 1978.]

*John F. Ittenbach*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Terry G. Duga*, Deputy Attorney General, for appellee.

PIVARNIK, J. — On February 3, 1976, appellant Mitchell was indicted on charges of armed robbery, first-degree premeditated murder, and murder during the commission of a robbery. Following a jury trial in the Marion Criminal Court on October 13, 1976, appellant was found guilty of robbery, felony murder, and second-degree murder. Appellant was sentenced to ten to twenty-five years imprisonment for robbery and to life imprisonment for felony murder. Sentencing was withheld on the second-degree murder conviction.

The facts giving rise to these offenses are undisputed. On December 6, 1975, Willie Lee Burroughs was on his way to the Indianapolis home of Mr. and Mrs. Isom, where the Isoms were running an illegal gambling house. As Burroughs approached the Isom residence, he was met by a man carrying a sawed-off .410 gauge shotgun. This man, who was described as being short, was wearing a hat and nylon stocking mask. The man informed Burroughs that it was a stick-up and that they were to enter the front door of the home. As the two men were entering the house, a shotgun blast was fired through the back door from the outside. The blast wounded Burrough's brother, James, and killed Mrs. Isom. A tall black man then entered through the back door and held a 16 gauge shotgun, while ordering the twelve gamblers to hand over their money to the shorter robber. After taking a pearl-handled revolver and some money from Mrs. Isom's brassiere, the two robbers exited the home through the rear door. Four of the robbery victims later identified appellant as being the shorter of the two robbers.

Appellant presents three issues for review, concerning: (1) whether

the trial court erred in allowing an in-court demonstration in which appellant placed a ladies stocking over his head; (2) the sufficiency of the evidence, and; (3) the propriety of the sentencing.

## I.

Appellant first argues that the trial court erred in permitting the state to stage an in-court demonstration in which appellant wore a nylon stocking mask. Appellant asserts that this demonstration was improper because of an inadequate foundation for its use.

The decision to permit or refuse to permit a courtroom demonstration is a matter of trial court discretion which this court will not disturb on appeal unless there is a clear abuse of discretion. *White v. State*, (1967) 249 Ind. 105, 110, 229 N.E.2d 652, 654; *Green v. State*, (1945) 223 Ind. 614, 63 N.E.2d 292. Before the demonstration or experiment took place, the state had established that the shorter of the two robbers had worn a cinnamon colored silk or nylon stocking over his head. A state's witness, Cecil Young, later identified appellant as the short robber. On cross examination, defense counsel questioned Young's ability to identify appellant due to the mask. The state then provided a stocking which Young stated was of the same type and color as the one worn by appellant. Under these circumstances, we find no abuse of discretion in the trial court's decision to permit the demonstration.

## II.

Appellant next challenges the sufficiency of the evidence supporting his conviction. His sole claim in this regard is that the evidence identifying him as one of the robbers was insufficient.

When reviewing the sufficiency of the evidence, this court will neither weigh the evidence nor judge the credibility of witnesses. Rather, we look only to the evidence most favorable to the state along with the reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value from which the trier of fact could reasonably infer that appellant was guilty beyond a reasonable doubt, the verdict will not be disturbed. *Mosley v. State*, (1977) 266 Ind. 675, 366 N.E.2d 648, 649.

In this case, the state presented four eyewitnesses who testified, without objection, that appellant was the robber who entered the front of the Isom home. Three of these witnesses stated that they were "pretty sure" of their identification of appellant, while the fourth witness made a positive identification. Appellant asserts that the identification by this fourth witness, Mr. Lovelace, was tainted because Lovelace had earlier identified appellant from a photograph shown to him by police. He argues that this, coupled with the uncertainty of the other three witnesses, did not constitute sufficient evidence of identification. Appellant did not file a motion to suppress Lovelace's identification testimony nor did he object to the in-court identification. Also, the facts surrounding the earlier identification were fully developed before the jury along with the fact that Lovelace had seen appellant on at least one occasion prior to the robbery. As for the uncertainty of the other three witnesses, this court has stated that identification testimony need not necessarily be unequivocal so long as the totality of the evidence is such as will permit the trier of fact, as reasonable men, to find guilt beyond a reasonable doubt. *Lottie v. State*, (1974) 262 Ind. 124, 129, 311 N.E.2d 800, 803. We find the evidence in this case sufficient to meet this standard. *Compare Gaddis v. State*, (1969) 253 Ind. 73, 251 N.E.2d 658.

### III.

Finally, appellant argues that it was error for the trial court to impose sentences for both robbery and felony (robbery) murder. We agree. The United States Supreme Court has held that where a felony murder conviction requires proof of the underlying felony, the two offenses are considered to be the "same" within the meaning of the Double Jeopardy Clause. *Harris v. Oklahoma*, (1977) 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054. Accordingly, the multiple punishment prohibition of the Clause would be violated by the imposition of sentences upon both the felony murder and the underlying felony counts. *See generally Elmore v. State*, (1978) 269 Ind. 532, 382 N.E.2d 893. The sentence upon the robbery conviction must therefore be vacated.

The case is remanded to the trial court with instructions to vacate the sentence on the robbery conviction. The judgment and sentence on the felony murder count is affirmed.

All Justices concur.

NOTE—Reported at 382 N.E.2d 932.