UNITED STATES ex rel. Michael
Everett PAUL, Petitioner,

v.

Robert J. HENDERSON, Superintendent,
Auburn Correctional Facility,
Respondent.

No. 81–CV–248.

United States District Court,
N. D. New York.

April 8, 1982.

Penelope D. Clute, Plattsburgh, N.Y., for petitioner.

Robert Abrams, Atty. Gen. of the State of N. Y., Albany, N. Y., for respondent; James G. McSparron, Asst. Atty. Gen. in Charge, Daniel L. Saxe, Asst. Atty. Gen., Albany, N. Y., of counsel.

## MEMORANDUM–DECISION and ORDER

JAMES T. FOLEY, Senior District Judge.

Petitioner, represented by counsel in this federal habeas corpus proceeding, is presently an inmate of Auburn Correctional Facility. In my judgment, the petition presents a substantial and complex issue under the Double Jeopardy clause of the Fifth Amendment applicable to the States through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Petitioner was indicted on February 14, 1972 for the crimes of (1) Intentional Murder of one Flagg, (2) Felony Murder of Flagg, (3) Attempted Murder of one Tranumm, and (4) Attempted Robbery in the First Degree of property owned by Flagg. This indictment names Eric Caesar as a defendant with petitioner. Caesar did not testify at the trial and the disposition of the indictment against him is not disclosed. After a trial by jury in Supreme Court, Criminal Division, Queens County, Supreme Court Justice Frank D. O'Connor presiding, petitioner was found guilty by a partial verdict returned April 28, 1972 of Attempted Robbery, the fourth count, and not guilty on the first count of Common Law Murder of Flagg. No verdict was reached by the jury on counts two and three of the indictment: the felony murder count and the attempted murder count. The partial verdict was accepted by the trial judge. The transcript of this first trial covering the submission of the case to the jury for verdict, the questions of the jury to the court and their comments, is interesting reading. (Tr. pp. 255–74).

In a second trial, Acting Supreme Court Justice George J. Balbach presiding, peti-

tioner was again tried on the felony murder of Flagg count and the attempted murder of Tranumm count, these being the unresolved charges from the first trial. On December 20, 1972, he was found guilty on the two counts. He was not sentenced until October 29, 1973. The sentence imposed by Justice Balbach was fifteen years to life on the felony murder count and zero to twelve years on the attempted murder count, sentences to run concurrently.

The time sequence for the following events are very important in the resolution of the double jeopardy question. After this second trial with the jury verdict rendered on December 29, 1972, convicting the petitioner of the felony murder of Flagg and the attempted murder of Tranumm, a motion dated February 1, 1973 was filed with Justice O'Connor in behalf of petitioner for a judgment of acquittal notwithstanding the verdict or in the alternative for a new trial, in regard to the first trial's attempted robbery conviction returned by verdict of the jury on the four count indictment. Supreme Court Justice O'Connor, by decision dated May 7, 1973 and apparently filed May 14, 1973, set aside the verdict, actually involving only the attempted robbery conviction, and granted a new trial. The bases for the ruling seems to be the failure of the prosecution to provide a pretrial statement of an eyewitness requested by the defense, and the failure to reveal information to the defense as to the other eyewitness. Such decision, therefore, was filed on May 14, 1973, after the jury verdict had been returned in the second trial on the felony murder count on December 20, 1972, but before petitioner was sentenced on those counts on October 29, 1973. A new trial was never held on the count of the indictment for attempted robbery, and the count was finally dismissed by Supreme Court Justice T. S. Agresta on December 12, 1975.

The conviction of petitioner in the second trial was directly and collaterally attacked on grounds other than double jeopardy. On October 25, 1973, his motion to set aside the verdict on the two counts of felony murder and attempted murder and for a judgment of acquittal was denied by Justice Balbach.

Petitioner's direct appeal to the Appellate Division, Second Department, resulted in an affirmance of the conviction on June 4, 1975, without opinion. Leave to appeal to the New York State Court of Appeals was denied on August 6, 1975, without opinion.

Petitioner has also previously applied pro se to the United States District Court for the Eastern District of New York for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This previous federal petition was based upon three separate grounds: (1) a publicly displayed trial calendar deprived him of a fair trial; (2) that restrictions placed on defense counsel by the trial judge violated his confrontation rights; and (3) that the prosecutor's summation was so unfair as to deny him a fair trial. In a Decision and Order dated February 27, 1980, United States District Judge Henry Bramwell denied the petition for habeas relief on the merits.

During the pendency of petitioner's federal habeas petition, the petitioner applied pro se for a writ of habeas corpus in Supreme Court, Clinton County. Supreme Court Justice Harold J. Soden granted a hearing and assigned counsel to the petitioner who remains as counsel for petitioner in this federal proceeding. The grounds for relief in the state petition were basically the same as in the present petition, including for the first time that the prosecution of petitioner at the second trial on the unresolved counts from his first trial violated his protection against double jeopardy. The state petition for habeas corpus was denied in a decision dated November 15, 1979 by Justice Soden. The Appellate Division, Third Department, affirmed the denial on June 26, 1980, without opinion. Leave to appeal to the New York Court of Appeals was denied on October 9, 1980.

By Memorandum-Decision and Order, I directed the filing and service of the present petition upon the Respondent pursuant to Rules 4 and 5 of the Rules Governing Section 2254 Cases in order to obtain an answer or other pleading in response to its allegations. An answer for the respondent

and a memorandum of law in opposition to the petition has been filed by the Attorney General concluding that the petition should be dismissed. The brief in support of the petition has attached relevant exhibits 1–5, and the Attorney General submits with his memorandum of law a substantial number of state court briefs and trial transcripts of the two trials relating to this case. These records must be returned to the Queens County District Attorney's Office. This court appreciates this necessary assistance and cooperation. Copies of the decisions of Justice O'Connor, Justice Balbach, Judge Bramwell, and Justice Soden shall be filed with the Clerk of this Court.

Petitioner sets forth four grounds in his petition upon which federal habeas relief is sought. These grounds are: (1) that the conviction at the first trial on the attempted robbery count of the four count indictment operated as an acquittal of the felony murder charge because the attempted robbery charge is a lesser included offense, (2) that the retrial on the attempted murder charge was barred by the New York Criminal Procedure Law since it was not a consecutive count to the resolved counts, (3) that petitioner's constitutional right against double jeopardy was violated in that a partial verdict in the first trial barred the second prosecution on the unresolved counts of felony murder and attempted murder, and (4) that the state court erred in denying petitioner's state court writ by misapplying the New York Criminal Procedure Law.

■ Before federal habeas corpus relief can be granted the petitioner must exhaust all available state remedies on all grounds alleged in the petition. 28 U.S.C. § 2254(b) and (c); *Rose v. Lundy,* —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Further, this exhaustion requirement is not satisfied unless the habeas petitioner explicitly refers to a federal constitutional standard in presenting his claim to the state courts. *See Klein v. Harris,* 667 F.2d 274 (2d Cir. 1981); *Daye v. Attorney General of the State of New York,* 663 F.2d 1155 (2d Cir. 1981), petition

for hearing in banc granted, hearing in banc April 13, 1982; *Johnson v. Metz,* 609 F.2d 1052 (2d Cir. 1979); *Twitty v. Smith,* 614 F.2d 325 (2d Cir. 1979); *Wilson v. Fogg,* 571 F.2d 91 (2d Cir. 1978). It is clear from the petition herein, and as the respondent concedes, that the petitioner has exhausted available state remedies on the grounds presented in this petition. However, in reaching the merits in this federal habeas corpus proceeding the only federal ground to be considered is that petitioner's retrial on the unresolved counts violated his Fifth Amendment right against double jeopardy. *See* 28 U.S.C. § 2254(a).

The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb". The Supreme Court has found the double jeopardy clause to consist of three separate guarantees. The double jeopardy clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction and (3) multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). Justice Rehnquist dissenting in *Whalen v. United States,* 445 U.S. 684, 699, 100 S.Ct. 1432, 1442, 63 L.Ed.2d 715 (1980), notes that historians trace the origins of our constitutional guarantee against double jeopardy back to the days of Demosthenes.

■ The issue to be decided herein is whether any of these guarantees were violated by petitioner's retrial for the felony murder of one Flagg and attempted murder of one Tranumm after acquittal at a first trial on the common law murder count and conviction on the attempted robbery count. For the reasons stated hereinafter, it is my judgment that petitioner's retrial on the felony murder count after his conviction on the attempted robbery count was barred by the Fifth Amendment protection against double jeopardy.

In determining whether two offenses are the same for purposes of applying double jeopardy protection the rule of *Brown v.*

*Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), must be considered. In *Brown,* quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the Supreme Court held:

'the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'

*Brown v. Ohio, supra,* 432 U.S. at 166, 97 S.Ct. at 2225. If *each* statute in question requires proof of an additional fact which the other statute does not, the offenses are not considered the same under the *Blockburger* test for double jeopardy purposes. *Id.*

In applying the *Blockburger* test, the elements of the offenses as identified by New York State must be accepted by this court. *Garner v. Louisiana,* 368 U.S. 157, 169, 82 S.Ct. 248, 254, 7 L.Ed.2d 207 (1961). Under New York Penal Law § 110.00 an attempt to commit a crime is defined as "with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." Murder is defined under the Penal Law § 125.25 as "[w]ith intent to cause the death of another person, he causes the death of such person..." Felony murder is defined in the same section. A person can be found guilty of this crime when he

commits or attempts to commit robbery ... [or other enumerated felonies] and, in the course of and in furtherance of such crime ... he :.. causes the death of a person....

Under the New York Penal Law, a person can be found guilty of robbery when "in the course of committing a larceny, he uses or threatens the immediate use of physical force". N.Y.Penal Law § 160.00.

In the present circumstances, petitioner was originally convicted by a jury verdict on April 28, 1972 for conduct that was a necessary element of the more serious crime, felony murder, which he was later convicted of in a second trial. Because proof of the underlying felony, in this case attempted robbery, is always a necessary element of the crime of felony murder, the two offenses in my judgment must be considered the same under the *Blockburger* test. In *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), the Supreme Court held that a robbery prosecution was barred by double jeopardy subsequent to a conviction for felony murder, the underlying felony of which was the robbery. The Supreme Court found that the double jeopardy clause would be violated if a person who had been convicted of a crime having several elements included in it was then subsequently tried for a lesser included offense.

The circumstances are reversed in the present case, that is, petitioner was convicted of a lesser included offense, the attempted robbery of Flagg, and then subsequently convicted of a greater offense, felony murder of Flagg. However, under the reasoning and ruling in *Brown v. Ohio, supra,* this would also violate the double jeopardy clause. *See Illinois v. Vitale,* 447 U.S. 410, 421, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980) ("Under *Brown,* the reverse is also true; a conviction on a lesser included offense bars subsequent trial on the greater offense."); *see also Jeffers v. United States,* 432 U.S. 137, 150–51, 97 S.Ct. 2207, 2215–16, 53 L.Ed.2d 168 (1979). In *Brown,* the Supreme Court found that joyriding and auto theft under the *Blockburger* test constituted "the same statutory offense" within the meaning of the double jeopardy clause. Each statute did not require proof of a fact that the other did not since the lesser offense required no proof beyond that which is required for the conviction of the greater offense. *Id.* 432 U.S. at 168, 97 S.Ct. at 2226. The Fifth Amendment barred the successive prosecution for a greater and lesser included offense.

After careful review of the record herein and with the acceptance of New York's statutory statement describing the elements of the two offenses involved here, I find that the double jeopardy clause of the Fifth Amendment barred petitioner's subsequent prosecution for the greater offense of felony murder after his conviction on a lesser

included offense of attempted robbery. Although the jury was unable to reach a verdict on the greater offense in the first trial, I find that conviction on a lesser included offense considered to be the "same offense" for double jeopardy consideration barred the state from retrying the petitioner for the greater offense. *See Illinois v. Vitale, supra; Harris v. Oklahoma, supra; Brown v. Ohio, supra; Blockburger v. United States, supra. See also Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).

In reaching this conclusion, it should be noted that the fact the attempted robbery conviction remained undisturbed and not vacated, set aside and dismissed until after the petitioner's second trial and conviction of felony murder is an important one. As the opinion of Justice Balbach dated October 25, 1973 points out, under section 1.20, subd. 13 of the New York Criminal Procedure Law, a conviction is defined as such upon the rendition of the verdict rather than as of the date of sentence. The opinion of Justice Balbach stated that he recalled advising counsel for the petitioner at the second trial that if the petitioner chose to take the stand and testify in his own behalf, the prosecution could cross-examine on the attempted robbery conviction of the first trial. The petitioner did not testify in his own behalf at the second trial.

Further, the conviction of the lesser included crime of attempted robbery impliedly acquits the petitioner of the greater crime, *see Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), therefore, the second prosecution on the felony murder count was barred, particularly with the attempted robbery conviction not vacated by the trial or appellate court. If petitioner had successfully appealed the attempted robbery conviction there would not then have been a bar to this reprosecution on the same charge. *United States v. Scott*, 437 U.S. 82, 91, 98 S.Ct. 2187, 2193, 57 L.Ed.2d 65 (1978). However, double jeopardy barred being reprosecuted for the same offense as defined in *Blockburger* in the absence of a reversal or vacation of the original conviction which remained in effect at the time of the second trial. *See Wilson v. Meyer*, 665 F.2d 118 (7th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1621, 71 L.Ed.2d 855 (1982). While petitioner stood convicted of a lesser included crime, attempted robbery, his Fifth Amendment right against double jeopardy protected him from successive prosecution on the greater crime of felony murder. *See Whalen v. United States, supra*, 445 U.S. at 698–99, 100 S.Ct. at 1441–42 (Blackmun, J. concurring).

Before ruling on the merits of petitioner's double jeopardy claim, this court also considered the dismissal of the petition under Rule 9 of the Rules Governing Section 2254 Cases (28 U.S.C. fol. 2254). Rule 9 governs delayed or successive petitions and is intended to "minimize the abuse of the writ." *Advisory Committee Note to Habeas Corpus Rule 9*, 28 U.S.C., p. 273. In the present case, it is my judgment that petitioner has not abused the writ by his failure to raise the double jeopardy claim in his first federal petition which was denied by District Judge Bramwell on other grounds. *See Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Furthermore, it should be noted that the respondent has not contended that the petition should be denied on either of the grounds set forth in Rule 9.

In holding that petitioner's retrial on the felony murder charge violated his right against double jeopardy, I do not find or conclude that the retrial on the attempted murder charge of Tranumm is similarly involved. The attempted murder charge involved a different victim, one Tranumm, and the verdict of the jury in the first trial convicting only of the felony that is the underlying basis for felony murder did not affect the constitutional validity of his retrial on this attempted murder count. For this reason, it should be emphasized that petitioner is serving a valid sentence on the attempted murder of Tranumm conviction. Parole considerations on the attempted murder sentence by the successful challenge herein to the sentence on the felony murder conviction may be affected.

Accordingly, petitioner's application for a writ of habeas corpus is granted. The ha-

beas corpus statute is a remedial statute that should be construed liberally, and it is within the power of the federal courts "to fashion appropriate relief other than immediate release," *Peyton v. Rowe*, 391 U.S. 54, 66, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968). Therefore, petitioner's sentence on the felony murder conviction is hereby declared violative of the Double Jeopardy Clause of the Fifth Amendment. The October 29, 1973 judgment of conviction for felony murder is set aside and the petition for a federal writ of habeas corpus is granted and the writ shall issue to that extent. An appropriate order in accordance with the ruling herein shall be submitted, if consented to, otherwise settled on five days' notice.

It is so Ordered.