**Lewis C. WALLACE, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 92–3913.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1993.

Decided Jan. 3, 1994.

824

Michael C. Angel, Little Rock, AR, argued, for appellant.

Kelly Hill, Asst. Atty. Gen., Little Rock, AR, argued, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BOWMAN, Circuit Judge.

Lewis C. Wallace appeals the denial of his petition for a writ of habeas corpus. We affirm the judgment of the District Court.[1]

## I.

Wallace was convicted in 1979 in an Arkansas state court for the kidnapping and capital murder of Calvin Smith. Wallace was sentenced to concurrent terms of life imprisonment without the possibility of parole for the capital murder and fifteen years for the kidnapping. After his unsuccessful direct appeal, *Wallace v. State*, 270 Ark. 17, 603 S.W.2d 399 (1980), Wallace timely sought state postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37, which was denied, *Wallace v. State*, No. CR 79–199, 1981 WL 1204 (Ark. Oct. 12, 1981) (per curiam). Wallace then filed his first federal habeas petition. That petition was denied, and we affirmed, *Wallace v. Lockhart*, 701 F.2d 719 (8th Cir.), *cert. denied*, 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983).

This is Wallace's second petition for federal habeas relief. He raises several claims in this petition, some of which were raised in his first habeas petition, and all of which were denied by the District Court. On appeal, Wallace challenges only the District Court's denial of his double jeopardy claim, a claim that Wallace did not raise in his first habeas petition. Specifically, Wallace argues that the state violated the Double Jeopardy Clause, U.S. Const. amend. V, by convicting him of both capital murder and the lesser-included kidnapping offense, and on appeal he requests that we void his kidnapping conviction and vacate the fifteen-year sentence.[2]

Wallace's double jeopardy claim is best understood in light of the proceedings of Tywanna Martin, one of Wallace's codefendants. Martin also was convicted in 1978 for the capital murder and kidnapping of Smith. She later filed in state court a Rule 37 petition for postconviction relief, claiming that the trial court lacked authority to convict her of both capital murder and kidnapping. Although her Rule 37 petition was untimely, the Arkansas Supreme Court considered it because her claimed ground for relief, if legally sound, would render the kidnapping conviction void. *Martin v. State*, 277 Ark. 175, 639 S.W.2d 738 (1982) (per curiam). The court reasoned that, to prove capital murder, the state had to prove all elements of the kidnapping, and, citing several cases in which it had held that a defendant cannot be convicted of a criminal offense and a lesser-included offense, the Arkansas Supreme Court then held that Martin's kidnapping conviction was void. It did not disturb Martin's conviction or sentence on the capital murder charge.

Relying on *Martin*, Wallace filed another Rule 37 petition in state court. The Arkansas Supreme Court refused to consider Wallace's petition, relying on its rule proscribing successive Rule 37 petitions. Wallace then filed his second petition for a federal writ of habeas corpus.

## II.

 Wallace's failure to present his double jeopardy claim to the Arkansas courts in accordance with state procedural rules constitutes a procedural default, *Collins v. State*, 280 Ark. 312, 657 S.W.2d 546, 548 (1983) (per curiam), which can be excused only on a showing of cause for the default and prejudice from the alleged violation of federal law, *Coleman v. Thompson*, —— U.S. ——, ——, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). In addition, his failure to present the claim until his second federal habeas petition constitutes an abuse of the writ, for which he

---

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

2. Even if we vacate Wallace's fifteen-year sentence (which he already has completed), he still will have to serve his sentence of life imprisonment without the possibility of parole. Because this Court cannot change Wallace's situation by granting the relief he requests, the concurrent

sentence doctrine gives this Court the discretion to decline to review his claim. We do not apply the concurrent sentence doctrine, however, because the issue was not addressed by the parties or by the District Court, and there has been no development of the question of whether Wallace could face prejudicial collateral consequences if we were to invoke this doctrine. *See Logan v. Lockhart*, 994 F.2d 1324, 1332 (8th Cir.1993).

826

also must meet the cause-and-prejudice standard. *McCleskey v. Zant,* 499 U.S. 467, 487, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Alternatively, we will reach the merits of his claim if he can demonstrate that otherwise there will be a fundamental miscarriage of justice. *Sawyer v. Whitley,* — U.S. —, ——, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992).

■ Wallace alleges that his double jeopardy claim is novel, and that this novelty constitutes cause for both his procedural default and his abuse of the writ. *See Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). We disagree. When determining whether a claim is novel, "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith v. Murray,* 477 U.S. 527, 537, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). When judged by this standard, Wallace's double jeopardy claim is far from novel. Indeed, the legal theory that convicting an individual for an offense and also for a lesser-included offense may violate the Double Jeopardy Clause has been around for more than a century. *See Ex parte Nielsen,* 131 U.S. 176, 188, 9 S.Ct. 672, 676, 33 L.Ed. 118 (1889) (finding a double jeopardy violation based on a conviction of both unlawful cohabitation and its lesser-included offense of adultery). The theory has been applied more recently (but prior to Wallace's conviction) by the Supreme Court in the felony-murder context, *see Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam) (finding a double jeopardy violation based on successive convictions for both felony-murder and its lesser-included offense of robbery with a firearm), and it was codified as Arkansas law at the time Wallace was tried and convicted, Ark.Stat.Ann. § 41–105 (1977). Moreover, this theory had been applied by the Arkansas Supreme Court before Wallace filed his first federal habeas petition. *See Swaite v. State,* 272 Ark. 128, 612 S.W.2d 307, 309–10 (1981) (finding a double jeopardy violation based on convictions for both attempted capital mur-

der and its lesser-included offense of aggravated robbery). Other jurisdictions have addressed this theory in the context of a felony murder and its underlying felony. *See, e.g., Mitchell v. State,* 270 Ind. 4, 382 N.E.2d 932, 934 (1978); *Newton v. State,* 280 Md. 260, 373 A.2d 262, 269 (1977); *State v. Williams,* 284 N.C. 67, 199 S.E.2d 409, 414 (1973). The availability of Wallace's double jeopardy claim and other litigants' perception of and reliance upon it lead ineluctably to the conclusion that Wallace cannot rely on the novelty of his double jeopardy claim as cause for his procedural default or for his abuse of the writ.[3] *See Engle v. Isaac,* 456 U.S. 107, 134, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982).

■ Wallace also contends that the state, by allowing untimely but not successive Rule 37 petitions, has erected an "external impediment" that prevented him from raising his double jeopardy claim, thus establishing cause for his procedural default. *See Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986). This argument is utterly without merit. Wallace's inability to have his claim considered by the Arkansas state courts stems from his failure to raise it in his first Rule 37 petition, when his procedural default occurred, not from any unreasonableness on the part of the state's procedural rules. In any event, Arkansas's rule against successive Rule 37 petitions cannot constitute cause for Wallace's abuse of the federal writ of habeas corpus. Because Wallace cannot show cause for his procedural default and his abuse of the writ, we need not consider whether he was prejudiced by the state's alleged double jeopardy violation.

■ Finally, Wallace claims that we should consider the merits of his claim, despite the procedural bars, because the fundamental-miscarriage-of-justice exception applies. Again citing Arkansas's procedural rules, he complains that it is fundamentally unfair that the Arkansas Supreme Court considered his codefendant's untimely Rule 37 petition—and then held void her kidnapping conviction—but refused to consider his suc-

**3.** In view of this conclusion, we do not reach any of the retroactivity issues that might arise under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103

L.Ed.2d 334 (1989), if Wallace's double jeopardy claim were held to be novel for purposes of establishing cause.

cessive Rule 37 petition. This argument, however, demonstrates Wallace's thorough misapprehension of the contours of the fundamental-miscarriage-of-justice exception. This exception, which also is known as the "actual innocence" exception, applies only where the habeas petitioner demonstrates by clear and convincing evidence that, but for the alleged constitutional error, no reasonable juror would have found the petitioner guilty of the crime of which he was convicted. *Sawyer*, —— U.S. at ——, ——, 112 S.Ct. at 2517, 2518; *McCoy v. Lockhart*, 969 F.2d 649, 651 (8th Cir.1992) (holding that *Sawyer* applies to the trial's guilt phase). Wallace does not claim that he is actually innocent of the kidnapping charge, and given the weight of the evidence against him, *see Wallace*, 701 F.2d at 728–29, this indeed would be a difficult argument to make.

## III.

Because Wallace cannot overcome the procedural bars that preclude our review of the merits of his double jeopardy claim, we affirm the District Court's denial of his petition for a writ of habeas corpus.

HEANEY, Senior Circuit Judge, dissenting.

I agree that the majority correctly states the law regarding the novelty of Wallace's double jeopardy claim. I dissent because I believe that traditional cause and prejudice analysis cannot be applied to deny relief when a conviction and sentence are void.

Wallace sought correction of his illegal sentence under Rule 37 of the Arkansas Rules of Criminal Procedure. The Rule 37 that was in effect when Wallace was convicted contained no time limitation for presenting a claim that a judgment of conviction was void, but the rule limited a person to one petition. Ark.R.Crim.P. 37.2(c). Because Wallace did not include this claim in his first Rule 37 petition, the Arkansas Supreme Court rejected his second petition without considering its merits.

In 1983 Arkansas enacted a statute that allows correction of an illegal sentence at any time. Ark.Code Ann. § 16–90–111 (1993 Supp.). Relief under this statute is not available to Wallace, however, because his sentence was imposed in 1979 before the statute became law. *See Williams v. State*, 291 Ark. 255, 724 S.W.2d 158, 159 (1987).

The 1983 statute recognizes that there is no rational basis in law for prohibiting a person from raising at any time a claim that a sentence is void. Given the undisputed fact that it was illegal to convict Wallace for both capital murder and the lesser-included offense of kidnapping, it is a clear violation of due process not to extend relief under either Rule 37 or the statute to persons like Wallace who were convicted and sentenced before 1983.