**Michael Everett PAUL,**
**Petitioner-Appellee,**

v.

**Robert J. HENDERSON, Superintendent**
**of the Auburn Correctional Facility,**
**Respondent-Appellant.**

**No. 267, Docket 82–2168.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 12, 1982.

Decided Jan. 18, 1983.

Nancy A. Spiegel, Asst. Atty. Gen., State of N.Y., Albany, N.Y. (Robert Abrams, Atty. Gen. of the State of N.Y., William J. Kogan, Asst. Sol. Gen., State of N.Y., Albany, N.Y., of counsel), for respondent-appellant.

Penelope D. Clute, Plattsburgh, N.Y., for petitioner-appellee.

Before MESKILL, PIERCE and FAIRCHILD,* Circuit Judges.

MESKILL, Circuit Judge:

The superintendent of the Auburn Correctional Facility appeals from an order of the United States District Court for the Northern District of New York, Foley, J., granting petitioner Michael Everett Paul's application for a writ of habeas corpus. The decision below is reported at 535 F.Supp. 677 (N.D.N.Y.1982). The court concluded that after the first trial ended in a conviction for attempted robbery and a "hung jury" on the felony murder charge, the second prosecution for felony murder violated the defendant's double jeopardy rights under the Fifth Amendment. Id. at 681. Accordingly, the district court set aside the petitioner's conviction for felony murder and granted the petition for the federal writ of habeas corpus. We reverse.

*Background*

On February 14, 1972, a New York grand jury charged the petitioner in a four count indictment with the crimes of (1) common law murder, (2) felony murder, (3) attempted murder, and (4) attempted robbery. After a trial, the petit jury found the petitioner not guilty of common law murder and guilty of attempted robbery, but was unable to reach a verdict on the counts of felony murder and attempted murder. Trial Judge O'Connor accepted the partial verdict and discharged the jury as deadlocked

on the remaining counts. *See* New York Crim.Proc. Law § 310.70(1)(a) (McKinney Supp.1981).

Prior to retrial, the petitioner made no attempt to obtain the trial court's dismissal of the indictment on double jeopardy or any other grounds. Consequently, he was retried on the unresolved counts. The second jury found him guilty of both felony murder and attempted murder.

The petitioner then commenced a piecemeal attack against his trio of prior convictions. First, using information revealed at the second trial, Paul challenged the attempted robbery conviction by filing a motion with Judge O'Connor for judgment of acquittal notwithstanding the verdict or in the alternative for a new trial. The judge granted relief by ordering a new trial.[1]

The petitioner then moved to set aside the judgment of conviction for felony murder and attempted murder entered after the second trial. Judge Balbach denied this motion and sentenced Paul to concurrent terms of fifteen years to life for felony murder, and zero to twelve years for attempted murder. The Appellate Division affirmed without opinion, *People v. Paul,* 48 A.D.2d 1014, 372 N.Y.S.2d 560 (2d Dep't 1975), and leave to appeal to the New York Court of Appeals was denied.

After filing unsuccessful habeas petitions in the state[2] and federal courts,[3] the peti-

---

* Honorable Thomas E. Fairchild, United States Circuit Judge for the Seventh Circuit, sitting by designation.

1. Judge O'Connor granted Paul's motion for a new trial because the prosecution failed to provide the defense with a pretrial statement of one eyewitness and failed to reveal information about another eyewitness. However, a new trial on attempted robbery was never held and on December 12, 1975, New York Supreme Court Justice T.S. Agresta dismissed the count without opinion. *See* 535 F.Supp. at 678.

2. After the New York Court of Appeals refused to set aside his conviction for felony murder, the petitioner tried to attack the judgment collaterally. Paul commenced a state habeas corpus proceeding in the New York Supreme Court, Soden, J., In that application, the petitioner claimed that his retrial on the felony

murder and attempted murder counts was held in violation of New York law *and in violation of his right not to be subjected to double jeopardy.* In denying the petition, Judge Soden did not address the double jeopardy claim. *Paul v. LeFevre,* No. 44–72, slip op. 1, 4 (N.Y.Sup.Ct. Nov. 15, 1979), *reprinted in* J.App. at 38. The Appellate Division of the New York Supreme Court affirmed Judge Soden's dismissal of the petition without opinion, and leave to appeal to the New York Court of Appeals was denied.

Traditionally, the failure to raise a constitutional claim on *direct appeal* to the state courts bars federal court review of that issue. The federal court simply remands such petitions to the state courts for exhaustion of all available state remedies. *See Rose v. Lundy,* 455 U.S. 509, 516–518, 102 S.Ct. 1198, 1202–03, 71 L.Ed.2d 379 (U.S.1982). However, in this case, the petitioner raised the double jeopardy claim

tioner applied, in March of 1981, to the United States District Court for the Northern District of New York for the writ of habeas corpus at issue in this appeal. Paul asked the court to set aside his felony murder and attempted murder convictions on various grounds, including the alleged violation of his right to be protected against double jeopardy. On April 8, 1982, Judge Foley ordered that the felony murder conviction be set aside on double jeopardy grounds, but refused to overturn the attempted murder conviction.[4] 535 F.Supp. at 681. The superintendent brought this appeal.

*Discussion*

In general, the Double Jeopardy Clause is recognized as affording two primary protections to criminal defendants: protection against "being subjected to the hazards of trial and possible conviction more than once for an alleged offense," *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957), and protection "against multiple punishments for the same offense." *United States v. Wilson,* 420 U.S. 332, 342–43, 95 S.Ct. 1013, 1021, 43 L.Ed.2d 232 (1975) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)); *see also United States v. DiFrancesco,* 449 U.S. 117, 128–29, 101 S.Ct. 426, 432–33, 66 L.Ed.2d 328 (1980). This Court has recognized that "where there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended." *United States v. LoRusso,* 695 F.2d 45, 53 (2d Cir.1982) (quoting *United States v. Wilson,* 420 U.S. at 344, 95 S.Ct. at 1022). We

believe the petitioner has failed to show that his reprosecution for felony murder violated either protection. Accordingly, we reverse the district court's decision setting aside the state court conviction for felony murder and granting the petition for the writ of habeas corpus.

I

The Supreme Court has characterized the prohibition against "multiple trials" as the "controlling constitutional principle" of the Double Jeopardy Clause. *United States v. Wilson,* 420 U.S. at 345–46, 95 S.Ct. at 1022–23; *see also United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). The petitioner contends the state violated this prohibition by reprosecuting him for felony murder after obtaining a conviction for attempted robbery in the first trial. More specifically, he argues that under the test in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), attempted robbery is the "same offense" as felony murder. Therefore, because the jury convicted him of attempted robbery in the first prosecution, Paul claims that his subsequent prosecution for felony murder violated his Fifth Amendment rights. He asserts, in effect, that the state furthered a "second prosecution for the *same offense* after conviction." *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (emphasis added) (footnote omitted).

■ Assuming *arguendo* that this claim has merit, it comes too late. The petitioner

---

in his state habeas corpus petition. At each level of appellate review, the New York courts considered and rejected this double jeopardy claim. Consequently, his constitutionally-based collateral attack sufficed to exhaust state remedies. *See Ex Parte Hawk,* 321 U.S. 114, 116, 64 S.Ct. 448, 449, 88 L.Ed. 572 (1944) (per curiam); *Sweet v. Cupp,* 640 F.2d 233, 235–36 (9th Cir.1981); *see also* 28 U.S.C. § 2254(b), (c) (1976).

**3.** The petitioner applied pursuant to 28 U.S.C. § 2254 (1976) for a writ of habeas corpus from

the United States District Court for the Eastern District of New York, Bramwell, *J.* He raised various objections to the conduct of his second trial, but failed to raise the double jeopardy claim urged in the instant proceeding. The court denied his petition. *Paul v. LeFevre,* No. 78 C 2152 (E.D.N.Y. Feb. 27, 1980), *reprinted in* J.App. at 28–34.

**4.** The petitioner did not appeal the district court's denial of his petition with respect to the conviction for attempted murder.

failed to raise his double jeopardy claim in the trial court *prior to the second prosecution.* Therefore, he waived the right not to be subjected to a second trial for the same offense. It is well established that "[t]he constitutional immunity from double jeopardy is a personal right which, if not affirmatively pleaded by the defendant at the time of trial, will be regarded as waived." *United States v. Perez,* 565 F.2d 1227, 1232 (2d Cir.1977); *see also United States v. Herzog,* 644 F.2d 713, 716 (8th Cir.), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981); *United States v. Conley,* 503 F.2d 520, 521 (8th Cir.1974); *United States v. Scott,* 150 U.S.App.D.C. 323, 464 F.2d 832, 833 (D.C.Cir.1972); *United States v. Buonomo,* 441 F.2d 922, 924–25 (7th Cir.), *cert. denied,* 404 U.S. 845, 92 S.Ct. 146, 30 L.Ed.2d 81 (1971); *Grogan v. United States,* 394 F.2d 287, 289 (5th Cir.1967), *cert. denied,* 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 100 (1968); *Haddad v. United States,* 349 F.2d 511, 514 (9th Cir.), *cert. denied,* 382 U.S. 896, 86 S.Ct. 193, 15 L.Ed.2d 153 (1965); *Barker v. Ohio,* 328 F.2d 582, 584–85 (6th Cir.1964); Fed.R.Crim.P. 12(b)(2), 12(f).

Here it was within the petitioner's power to assert his right not to be prosecuted twice for the same offense at a time when the courts could have protected that right.[5] Instead of presenting his claim to the trial court, the petitioner elected to rest on his rights and allowed himself to be subjected to a second trial. Consequently, he cannot be heard to complain now that this right has been abridged. By proceeding through the second trial without raising the defense, the petitioner waived his right to claim double jeopardy.[6] *See United States v. Perez,* 565 F.2d at 1232; *see also United States v. Herzog,* 644 F.2d at 716 ("[D]ouble jeopardy is a personal defense and not jurisdictional.... [Q]uestions of double jeopardy usually cannot, after conviction, be raised under section 2255." (citations omitted)); *Barker v. Ohio,* 328 F.2d at 584–85 (6th Cir.1964) ("If the defense is made at the trial and ruled invalid, it can be reviewed on a direct appeal after conviction.... It logically follows that the issue of double jeopardy can not be raised by a habeas corpus proceeding." (citations omitted)).

## II

The petitioner's remaining claim rests on the additional safeguard embodied in the Double Jeopardy Clause: the protection against multiple punishments. The Supreme Court has stressed the importance of this protection by stating, "[i]t is the punishment that would legally follow the second conviction which is the real danger

5. When the petitioner learned that the state intended to retry him for felony murder, he could have presented this double jeopardy claim at that time. If the court rejected that claim, he could have initiated an article 78 proceeding in the Appellate Division. Under the New York Civil Practice Law § 7801 (McKinney 1981), the article 78 proceeding provides immediate appellate review of an otherwise nonappealable order. *See Wiley v. Altman,* 52 N.Y.2d 410, 412–13 & n. 2, 420 N.E.2d 371, 372 & n. 2, 438 N.Y.S.2d 490, 491 & n. 2 (1981); *Abraham v. Justices Of the New York Supreme Court,* 37 N.Y.2d 560, 564–65, 338 N.E.2d 597, 599, 376 N.Y.S.2d 79, 83 (1975); *see also Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977) ("[I]f a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.").

6. We recognize that the petitioner did stand trial twice for the crime of felony murder. He was tried for felony murder initially in the four count indictment, and following the "hung jury" was retried for that same offense. However, it is well-established law that a reprosecution following a mistrial does not violate the Double Jeopardy Clause. *See United States v. Perez,* 22 U.S. [9 Wheat.] 579, 580 (1824); *see also Oregon v. Kennedy,* 456 U.S. 667, 669, 102 S.Ct. 2083, 2086, 72 L.Ed.2d 416 (1982); *Arizona v. Washington,* 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978). Since the first trial never ended in a final determination of the petitioner's guilt or innocence, the jeopardy never terminated. *See United States v. Wilson,* 420 U.S. 332, 343–44 & n. 11, 95 S.Ct. 1013, 1021–22 & n. 11, 43 L.Ed.2d 232 (1975). Therefore, the defendant's retrial on the charge of felony murder did not subject him to *double* jeopardy.

guarded against by the Constitution." *United States v. DiFrancesco,* 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980) (quoting *Ex parte Lange,* 85 U.S. [18 Wall.] 163, 173, 21 L.Ed. 872 (1874)).

■ In the instant case, if the petitioner had·been sentenced for the crime of attempted robbery, his subsequent sentencing for felony murder might have constituted multiple punishments.[7] However, the petitioner elected to challenge his conviction for attempted robbery and had it vacated. Thus, as a result of his own efforts, the two prosecutions yielded only one punishment. The courts have recognized that the Double Jeopardy Clause affords no constitutional protection where as here "the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean." *North Carolina v. Pearce,* 395 U.S. 711, 721, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969). "[T]he Double Jeopardy Clause ... does not relieve a defendant from the consequences of his voluntary choice." *United States v. Scott,* 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978).

The district court erred in finding a violation of the Double Jeopardy Clause. Accordingly, we reverse the district court's setting aside of the conviction for felony murder, the grant of the petition for the writ of habeas corpus, and the issuance of the writ. The mandate shall issue forthwith.

---

**7.** Sentencing for felony murder would constitute multiple punishments only if felony murder and attempted robbery were found in this case to constitute the "same offense." We need not decide this question here.