1 F.3d 1250
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Norris R. WAUQUA, Petitioner-Appellant,
v.
Jack COWLEY; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 93-1627.
 United States Court of Appeals, Tenth Circuit.
 July 22, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Wauqua, a state inmate and pro se litigant appeals the denial of habeas corpus relief. We grant permission to proceed in forma pauperis and affirm.
 
 
 3
 Mr. Wauqua is seeking to up-end his conviction for first degree murder for which he was sentenced to life imprisonment. After exhausting his state remedies Mr. Wauqua filed a habeas corpus petition in federal court. Mr. Wauqua alleged numerous grounds for relief which are set forth completely in the attached Report and Recommendation of the magistrate judge. In substance, Mr. Wauqua claimed that he was denied transcripts of the first of his two trials; that he was erroneously prohibited from introducing impeaching evidence; that the trial court gave improper instructions on inconsistent statements and lesser included offenses; that the trial court erred in refusing to instruct on second degree murder; that the trial court admitted hearsay evidence; that the prosecutor engaged in misconduct; and, lastly, that various elements of the crime were not proven.
 
 
 4
 The magistrate judge exhaustively considered each of the foregoing contentions in a thirteen-page Report and Recommendation which we attach, and concluded they are without merit. The district court accepted the report and denied relief. This court, in turn, has carefully reviewed Mr. Wauqua's contentions. We find that we are in complete agreement with the findings of the magistrate judge and accordingly adopt such findings and analysis as our own. To the extent Mr. Wauqua raises claims that were not presented to the district court, these issues are not properly before this court.
 
 
 5
 The judgment of the district court is AFFIRMED for substantially the same reasons set forth by the magistrate in the attached Report and Recommendation.
 
 ATTACHMENT
 
 6
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 Norris Randell Wauqua, Petitioner
 
 7
 vs.
 
 
 8
 Jack Cowley and The Attorney General of the State of
 
 
 9
 Oklahoma, Respondents.
 
 CIV-92-147-A
 
 10
 Feb. 26, 1993.
 
 REPORT AND RECOMMENDATION
 
 11
 Petitioner, a state prisoner appearing pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The Rule 5 response has been filed, and the matter is at issue. The case has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. Sec. 636(b)(1)(B), and for the reasons stated herein, it is recommended that the petition be denied.[1]
 
 
 12
 By this action, Petitioner is attacking his conviction of first degree murder in the District Court of Cotton County, Oklahoma, Case No. CRF-80-53, for which he was sentenced on October 20, 1982 to life imprisonment. As his grounds for relief, Petitioner alleges the following:
 
 
 13
 1. that he was denied transcripts at state expense of his first two trials which denied him the opportunity to determine whether his third trial violated the Fifth Amendment protection against double jeopardy;
 
 
 14
 2. that the trial court erred in its refusal to allow Petitioner to present evidence regarding punishment for the offense of driving while under the influence of alcohol after the former conviction of a felony, which Petitioner asserts was critical to demonstrating that a witness for the prosecution was pressured to give incriminating evidence;
 
 
 15
 3. that the trial court erred in failure to instruct that prior inconsistent statements of a witness could not be considered as substantive evidence;
 
 
 16
 4. that the trial court erred in its refusal to instruct on the lesser included offense of misdemeanor manslaughter;
 
 
 17
 5. that the trial court erred in its refusal to instruct on second degree murder;
 
 
 18
 6. that the trial court permitted the prosecution to produce hearsay evidence that Petitioner had remained silent while another person made an accusatory statement;
 
 
 19
 7. that Petitioner was not allowed instructions on lesser included offenses;
 
 
 20
 8. that the Petitioner was denied a fundamentally fair trial by reason of the prosecutor's misconduct during closing arguments; and
 
 
 21
 9. that "the lack of discovery, scientific testing and elements of crime were never proven."
 
 
 22
 As his first ground for relief, Petitioner essentially complains that he was denied trial transcripts from his first two trials that resulted in mistrials due to "hung juries." He contends that the transcripts were necessary for an appellate determination of whether his third trial occurred in violation of the Fifth Amendment's prohibition against double jeopardy. In order to preserve the claim of double jeopardy, the Petitioner should have raised the objection, at the very least, prior to the start of his third trial.[2]
 
 
 23
 Assuming arguendo that this claim has merit, it comes too late. The petitioner failed to raise his double jeopardy claim in the trial court prior to the second prosecution. Therefore, he waived the right not to be subjected to a second trial for the same offense. It is well established that "[t]he constitutional immunity from double jeopardy is a personal right which, if not affirmatively pleaded by the defendant at the time of trial, will be regarded as waived." United States v. Perez, 565 F.2d 1227, 1232 (2d Cir.1977); ...
 
 
 24
 Paul v. Henderson, 698 F.2d 589, 591-92 (2d Cir.1983). Although Petitioner did raise this issue on direct appeal, it was already too late, as the Oklahoma Court of Criminal Appeals found that he had waived the issue.
 
 
 25
 However, even if the Petitioner had not waived this claim, he could not prevail on the merits. The Petitioner admits that his first two trials, concluded with mistrials due to "hung juries." It is well-established that a retrial following a "hung jury" does not violate the constitutional prohibition against double jeopardy. Before jeopardy attaches to a criminal proceeding, it must result in the determination of the defendant's guilty or innocence.
 
 
 26
 However, it is well-established law that a reprosecution following a mistrial does not violate the Double Jeopardy Clause. See United States v. Perez, 22 U.S. [9 Wheat.] 579, 580 (1824); see also, Oregon v. Kennedy, --- U.S. ----, ----, 102 S.Ct. 2083, 2086, 72 L.Ed.2d 416 (U.S.1982); Arizona v. Washington, 434 U.S. 497, 509, 98 S.Ct. 824, 832, 54 L.Ed.2d 717 (1978). Since the first trial never ended in a final determination of the petitioner's guilt or innocence, the jeopardy never terminated.
 
 
 27
 Paul, 698 F.2d at 592 n. 6.
 
 
 28
 Therefore, this claim is without merit.
 
 
 29
 As his second ground for relief, the Petitioner asserts that the trial court's refusal to allow testimony regarding the possible punishment for the offense of driving while under the influence of alcohol after the former conviction of a felony deprived him of a fair trial. He argues that this evidence was necessary to impeach witness, Elmer Powell, who was allegedly under pressure from the police to testify. The trial court ruled that the testimony and evidence in question were irrelevant and therefore inadmissible. In regard to this issue and any other issue involving error of admitting or refusal to admit evidence on the part of the trial court, it is important to note that admissibility of evidence cannot normally be questioned in federal habeas proceedings.
 
 
 30
 The rule is well established that state court rulings on the admissibility of evidence may not be questioned in a federal habeas corpus proceeding, unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.
 
 
 31
 Gillihan v. Rodriguez, 551 F.2d 1182, 1192-1193 (10th Cir.1977). Also see, Martin v. Kaiser, 907 F.2d 931, 934 (10th Cir.1990).
 
 
 32
 On direct appeal, the Oklahoma Court of Criminal Appeals made the following findings of fact relative to this issue:
 
 
 33
 There was no evidence that the witness was ever charged with D.U.I., in fact, the arresting officer testified the witness could not be charged with D.U.I. because he (the officer) did not see the witness driving.
 
 
 34
 Furthermore, appellant clearly was not prejudiced as he was permitted to elicit testimony from a third person that the witness feared that "they're going to give me five years if I don't testify."
 
 
 35
 Oklahoma Court of Criminal Appeals opinion, Case No. F-83-232, page 4. These findings of fact by the state court are entitled to a presumption of correctness. Sumner v. Mata, 449 U.S. 539 (1981). The trial court's exclusion of the evidence does not rise to a constitutional level, and moreover, as the Oklahoma Court of Criminal Appeals noted, evidence concerning the possible bias or motive of the witness in his testimony was placed before the jury. This ground is without merit.
 
 
 36
 In grounds 3, 4, 5 and 7[3], the Petitioner complains of the failure of the trial court to instruct the jury on certain issues. In ground 3, he contends that the trial court failed to instruct the jury on how to use prior inconsistent statements with regard to one of the state's witnesses, Eddie Davis. The day after the shooting, Mr. Davis told officers that the Petitioner had handed him the gun and Mr. Davis signed a statement to that effect. However, Mr. Davis testified at trial that he did not know who had handed him the gun. The trial court allowed this evidence but did not instruct the jury to consider the prior inconsistent statement for the purpose of impeachment only and not for the substance or truth of the matter stated.
 
 
 37
 In grounds 4 and 5, Petitioner argues that the trial court erred in not instructing the jury on the lesser included offenses of misdemeanor manslaughter and second degree murder.
 
 
 38
 Petitioner bears a heavy burden of proof on his attack on the trial court's instructions to the jury. Henderson v. Kibbe, 431 U.S. 145, 154 (1977). It must be shown that the failure to give the jury instructions in question had the effect of rendering Petitioner's trial so fundamentally unfair as to cause a denial of a fair trial in a constitutional sense. Shafer v. Stratton, 906 F.2d 506, 507-08 (10th Cir.1990), cert. denied, 111 S.Ct. 393 (1990), quoting Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980). Further, in regard to the two lesser included offense instructions, the Tenth Circuit has stated:
 
 
 39
 In Paulson v. Turner,[4] 359 F.2d 588 (10th Cir.1966), the Tenth Circuit held that a failure to instruct the jury on a lesser included offense, even assuming the evidence was such as to warrant an instruction on a lesser included offense, would not be a ground for granting federal habeas corpus relief.
 
 
 40
 Chavez v. Kerby, 848 F.2d 1101, 1103 (10th Cir.1988).
 
 
 41
 Absent abuse of discretion, a trial court's determination of whether an instruction is warranted will not be disturbed. United States v. Scalf, 708 F.2d 1540 (10th Cir.1983).
 
 
 42
 As to the trial court's failure to instruct on the prior inconsistent statements, Petitioner has failed to show how this seriously affected the fairness and integrity of his trial. While it would have raised great concerns if it had been the only piece of evidence linking the Petitioner to the gun, there was other direct evidence, i.e., the testimony of Mr. Powell, and circumstantial evidence, i.e., the testimony of Linda Taylor, that the Petitioner had the gun. Therefore, the prior inconsistent statement of Mr. Davis, even if used substantively, is cumulative. Petitioner's constitutional rights were not violated on the failure of the trial court to give a limiting instruction and therefore he is not entitled to relief.
 
 
 43
 As to Petitioner's request for instructions on the two lesser included offenses, he has again failed to show any error of constitutional concern. These instructions, if given, would have allowed the jury to find the Petitioner guilty of manslaughter if the jury found that the Petitioner had killed the victim while perpetrating some misdemeanor offense, or would have allowed them to find him guilty of second degree murder, if they found that he did not have a premeditated design to effect the victim's death.
 
 
 44
 The evidence before the jury did not support either of the two requested instructions. A witness, Linda Sue Taylor, testified that the Petitioner told the victim to either get in or out of the bar, as the victim was standing in the doorway of the bar. See copy of trial transcript, Respondent's Exhibit H, page 118. The victim told the Petitioner that he did not have to move and that he was not bothering anyone. Id. The Petitioner replied, "It don't make a shit to me. I had just as soon blow your head off as look at you." The victim replied, "Try it." The witness then saw the Petitioner "reach behind his back with his right hand, I seen him come around, and at that point when he come around with his hand, I heard a fire and I seen--I heard the shot and I seen the fire come from the gun." The witness then testified that the fire was coming from the Petitioner's hand. Petitioner's defense at trial was that he did not commit the crime, not that he lacked the premeditated design to effect the victim's death. Under Oklahoma law, a design to effect death can be formed instantly before committing the act by which it is carried into existence. 12 Okla.Stat. Sec. 703. Petitioner has failed to show that he is entitled to relief for failure of the trial court to give the requested jury instructions.
 
 
 45
 For his sixth ground for relief, Petitioner alleges that the trial court erred in admitting the testimony of a state's witness who testified that Mr. Davis told the witness that the Petitioner had committed the murder, and although the Petitioner was present and could hear the statement, he remained silent. Petitioner contends that Mr. Davis' statements to the state's witness are inadmissible hearsay. Once again, "rulings on the admissibility of evidence [including hearsay] may not be questioned in a federal habeas corpus proceeding, unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." Gillihan, supra. Nevertheless, as this testimony was, by definition, not hearsay, it is not fundamentally unfair that it was admitted.
 
 
 46
 Pursuant to 12 O.S.1981, Sec. 2801(4)(b)(2):
 
 4. A statement is not hearsay if:
 
 47
 * * *
 
 
 48
 * * *
 
 
 49
 b. the statement is offered against a party and is
 
 
 50
 * * *
 
 
 51
 * * *
 
 
 52
 (2) a statement of which he has manifested his adoption or belief in its truth, ...
 
 
 53
 Adoption of the truth of a statement can be demonstrated by a party's silence.
 
 
 54
 It is well established that, as a general rule, when an accusatory statement is made in the defendant's presence and hearing, and he understands it and has an opportunity to deny it, the statement and his failure to deny it are admissible against him.
 
 
 55
 United States v. Lilley, 581 F.2d 182, 187 (8th Cir.1978). Mr. Davis' statement to the state's witness, Officer Wyatt, was that the Petitioner had "done the shooting." It is undisputed that the statement was made in the presence of the Petitioner who failed to deny the statement. As the Petitioner adopted the statement through his silence, it is an admission of a party opponent and, by definition, not hearsay. Therefore, the Petitioner is not entitled to relief based on the admission of this testimony.
 
 
 56
 In his eighth ground for relief, Petitioner complains of prosecutorial misconduct during closing arguments and in his ninth and final ground for relief, he essentially complains of the sufficiency of the evidence, specifically "the lack of discovery, scientific testing and element of crime never proven." As the Respondent correctly points out, neither of these grounds were raised on direct appeal, but rather, Petitioner raised them for the first time in his application for post-conviction relief. The Respondent contends that the Petitioner is procedurally barred from raising these issues in this habeas action. On appeal from the trial court's denial of the post-conviction relief application, the Oklahoma Court of Criminal Appeals clearly applied a procedural bar:
 
 
 57
 This Court affirmed appellant's conviction in Wauqua v. State, 694 P.2d 532 (Okl.Cr.1985); therefore, all issues previously ruled upon by this Court are res judicata, and all issues not raised in the direct appeal, which could have been raised, are waived.
 
 
 58
 Petitioner seems to contend before this Court that he should be excused from the procedural bar due to ineffective assistance of counsel.
 
 
 59
 In the case of Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991), the Supreme Court held that the "cause and prejudice" standard applies "uniformly to all independent and adequate state procedural defaults. The Coleman Court was clear in its directive:
 
 
 60
 We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 61
 Coleman, 111 S.Ct. at 2565.
 
 
 62
 To satisfy the "cause" requirement, a habeas petitioner must show " 'that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule.' " Coleman, 111 S.Ct. at 2566, quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). To show "prejudice," Petitioner must demonstrate "not merely that errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray, 477 U.S. at 488.
 
 
 63
 Generally, attorney error due to ignorance or inadvertence does not satisfy the cause requirement. See Coleman, 111 S.Ct. at 2566, 2567; Murray v. Carrier, 477 U.S. at 488. Only attorney error that rises to the level of constitutionally ineffective assistance may constitute "cause" for a procedural default. Coleman, 111 S.Ct. at 2567. Further, allegations that Petitioner or counsel failed to recognize the factual or legal basis for a claim does not constitute "cause" for a default. Murray v. Carrier, 477 U.S. at 486-87. The standard for judging ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668 (1984). The test is a two-prong test and both elements must be present in order for such a claim to be upheld. First, a petitioner must overcome the strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Id. at 689-690. Second, the petitioner must show that this deficient performance prejudiced the defense, to the extent that "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. There is no reason to address both components of the Strickland inquiry if the Petitioner makes an insufficient showing on one. Id. There is a "strong presumption" that counsel provided effective assistance of counsel and the Petitioner has the burden of proof to overcome that presumption. United States v. Voigt, 877 F.2d 1465, 1468 (10th Cir.1989), cert. denied, 493 U.S. 982 (1989), citing United States v. Cronic, 466 U.S. 648, 658 (1984).
 
 
 64
 In order to properly prosecute an ineffective assistance of counsel claim, the "one who contends counsel was ineffective must first specifically delineate the acts or omissions of counsel which were not reasonably competent. Then, a reviewing court must judge those specific instances in light of all circumstances in the case in which those acts or omissions were allegedly outside the wide range of professionally competent assistance." Robison v. Maynard, 829 F.2d 1501, 1510 (10th Cir.1987).
 
 
 65
 The Petitioner has failed to designate such acts or omissions which he feels were not competent. One can only presume that he feels that his eighth and ninth grounds of relief should have been raised on direct appeal, but he has failed to show that his counsel's performance was deficient. Moreover, the Petitioner has made absolutely no showing that the inclusion of these issues at trial and in his direct appeal would have caused a different result. Given his statement preceding the shooting of the deceased, his failure to deny his shooting the deceased, and the testimony of the witness that had seen the Petitioner with a gun, the raising of grounds eight and nine would not have caused a different result. Therefore, there is no prejudice to the Petitioner. As Petitioner has asserted no other grounds as cause for his procedural default, the Petitioner is procedurally barred from raising grounds eight and nine.
 
 RECOMMENDATION
 
 66
 Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Petitioner's petition for writ of habeas corpus be denied. The Petitioner is advised of their right to object to this Report and Recommendation by March 15th, 1993, in accordance with 28 U.S.C. Sec. 636 and Local Court Rule 39. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions. Moore v. United States of America, 950 F.2d 656 (10th Cir.1991).
 
 
 67
 ENTERED this 26th day of February 1993.
 
 
 68
 /s/ Doyle W. Argo
 
 DOYLE W. ARGO
 UNITED STATES MAGISTRATE JUDGE
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Petitioner has named both the Oklahoma Attorney General and the warden as Respondents. As Petitioner is in custody pursuant to the state court judgment in question, the warden is the only proper party Respondent and thus the Attorney General of the State of Oklahoma should be dismissed as a party. See Rule 2(a) of the Rules Governing Section 2254 Cases
 
 
 [2]
 If the Petitioner really had double jeopardy concerns, the issue should have been raised prior to the start of his second trial
 
 
 [3]
 In ground 7, Petitioner alleges that he was not allowed instructions on lesser included offenses. This ground appears to be duplicative of grounds 4 and 5. However, Petitioner may be attempting to allege that his trial counsel was ineffective for failure to submit written requested instructions to the trial court on the lesser included offenses. As will be discussed herein, it does not appear that the instructions were warranted under the evidence and it cannot be said that trial counsel was ineffective for failing to submit written requested instructions on these lesser included offenses
 
 
 [4]
 Paulson, supra, involved a prisoner convicted of first degree murder and sentenced to death. In Beck v. Alabama, 447 U.S. 625 (1980), the Supreme Court held that the Paulson rule did not apply to death sentence cases. The count specifically stated that it need not determine the rule's applicability in non-capital cases. Therefore, the rule of Paulson is still good law in non-capital cases such as the Petitioner's. While the Petitioner was convicted of first degree murder, he was not sentenced to death