Donald Ray **BOX**, also known as "Big Don", Petitioner,

v.

**UNITED STATES** of America, Respondent.

Nos. 95 C 50171, 93 CR 20024–07.

United States District Court, N.D. Illinois, Western Division.

Oct. 10, 1995.

years of age, replaced him or received favorable    treatment.  *Id.*

774

Scott Verseman, U.S. Attorney's Office, Rockford, IL, for Petitioner.

Rolf A. Thienemann, III, Rockford, IL, for Respondent.

## *MEMORANDUM OPINION AND ORDER*
### INTRODUCTION

REINHARD, District Judge.

Petitioner, Donald Ray Box, filed a petition pursuant to 28 U.S.C. § 2255 seeking to set aside his sentence entered upon his guilty plea to one count of conspiracy to distribute cocaine and cocaine base and one count of use of firearms during drug trafficking offenses. The government filed a response, arguing in part that petitioner's claim of double jeopardy was procedurally defaulted because petitioner did not directly appeal his sentence. Petitioner was given leave to amend his section 2255 petition to address the procedural default issue. The government filed a supplemental response and petitioner filed a reply.[1]

### FACTS

On July 27, 1993, a grand jury indicted petitioner with conspiracy to possess with intent to distribute cocaine and cocaine base and conspiracy to possess with the intent to distribute and to distribute and distribution of heroin. On November 23, 1993, the grand jury returned superseding indictments adding charges against petitioner of possession with intent to distribute cocaine, use of firearms during drug trafficking offenses, possession of firearms as a convicted felon and possession of heroin with intent to deliver. Petitioner pleaded guilty to conspiracy to distribute cocaine and cocaine base and use of firearms during drug trafficking offenses.

---

1. This court's order of September 7, 1995 granted both petitioner's motion to amend his section 2255 petition and the government's motion to file a supplemental response thereto. The order expressly prohibited the filing of any "further responses, replies or memoranda * * * from either party." Notwithstanding this prohibition, petitioner filed a reply brief. The government's supplemental response was filed after the "reply" filed by petitioner and addresses the issues raised therein. The court will, in the interest of justice, consider all briefs submitted.

Pursuant to a written plea agreement, petitioner agreed to cooperate with the government in the prosecution of his codefendants and the government moved, pursuant to U.S.S.G. § 5K1.1 and Fed.R.Crim.P. 11(e)(1)(c), that petitioner receive a sixteen-year prison term. The government also agreed to dismiss the remaining charges against petitioner. This court, on October 12, 1994, sentenced petitioner to sixteen years in prison and dismissed the remaining counts. Petitioner did not file a direct appeal challenging his conviction or sentence.

On July 27, 1993, the government seized, pursuant to a warrant, approximately nineteen grams of cocaine, and twenty-nine grams of heroin, two nine millimeter handguns, $8,144 in United States currency and fourteen pieces of jewelry, all from petitioner's residence. Also seized that day were two vehicles which petitioner had driven during drug transactions.

Following the seizures, the FBI notified petitioner of the forfeiture action. The only property to which petitioners asserted an interest was three pieces of the jewelry. Petitioner filed a claim against the three pieces of jewelry, claiming they were not purchased with the proceeds of drug trafficking.

In early 1995, the government and petitioner attempted to settle the forfeiture action involving the jewelry. Pursuant to those negotiations, on February 3, 1995, the magistrate judge granted the joint motion of petitioner and the government for an order permitting the interlocutory sale of the jewelry. As a result, the jewelry, including the three pieces claimed by petitioner, were sold at auction on April 7, 1995.

A subsequent effort to settle on an amount to be paid petitioner failed. On July 26, 1995, the government received petitioner's section 2255 petition. On July 7, 1995, the government moved: (1) to reinstate the original forfeiture complaint that had been dismissed pursuant to settlement; (2) to dismiss the complaint as to the proceeds of the three pieces of jewelry; and (3) for entry of a decree of forfeiture as to the other eleven pieces of jewelry. This court granted all three motions over petitioner's objections.

## CONTENTIONS

In his original petition brought pursuant to section 2255, petitioner contends that his conviction and sentence violate the Double Jeopardy Clause because the forfeiture of the three pieces of jewelry constituted punishment and occurred prior to the conviction and sentence. Petitioner also argues that his conviction and sentence for use of firearms during a drug trafficking offense is a result of the government's misuse of the Commerce Clause to violate his Second Amendment Rights. The government responds to the original petition arguing that petitioner is procedurally defaulted from raising any double jeopardy, Second Amendment or Commerce Clause claims by failing to raise them on direct appeal, and that double jeopardy is not implicated by the civil forfeiture proceeding because: (1) there was no judgment of forfeiture entered as to the three pieces of jewelry; and (2) there was no punishment suffered by petitioners because the forfeiture of drug proceeds was remedial only and not deterrence or retribution. The government also responds that both the Second Amendment and Commerce Clause claims are without merit.

In his amended petition, petitioner asserts that he did not raise the double jeopardy issue on appeal because of his counsel's ineffective assistance in failing to raise the issue here and to file a direct appeal. Further, in his "reply" brief, petitioner contends: (1) that because he questions this court's jurisdiction to impose a sentence he may raise the double jeopardy claim notwithstanding the procedural default; (2) that the failure to raise the double jeopardy issue both here and on appeal resulted from ineffective assistance of counsel; (3) that jeopardy attached as to the civil forfeiture on October 22, 1993 when petitioner moved to proceed in forma pauperis and for appointment of counsel to protect his interest in the property; (4) that the forfeiture was in fact punishment because the government did not treat the three pieces of jewelry as drug proceeds when they allowed the auction proceeds to be returned to petitioner. In its supplemental "response," the government contends that petitioner's argument that he was denied effective assis-

tance of counsel when his attorney failed to file an appeal is meritless because there is no assertion or evidence that petitioner ever requested his attorney to file an appeal. The government further contends that the fact the sale proceeds from the jewelry were less than the appraised value does not show that petitioner was punished because petitioner agreed, via the joint motion, to the interlocutory sale of the jewelry.

## DISCUSSION

■ The failure to raise a constitutional challenge at trial or on direct appeal bars a petitioner from raising such issues in a federal habeas proceeding absent a showing of cause for the procedural default and actual prejudice. *Salberg v. United States,* 969 F.2d 379, 381 (7th Cir.1992). The failure of a petitioner to establish either cause or prejudice requires dismissal of his section 2255 petition. *Id.* Moreover, where a petitioner claims ineffective assistance of counsel for failure to take a direct appeal, that claim is precluded in a § 2255 petition unless the petitioner can show that he made a timely request for his counsel to do so. *See Castellanos v. United States,* 26 F.3d 717, 718–19 (7th Cir.1994).

■ Here, petitioner never filed a direct appeal. At the time of his sentencing, this court unequivocally admonished petitioner of his right to appeal from the sentence and the plea proceeding. The court further advised petitioner that if he desired to file an appeal that all he need do is tell his lawyer and the lawyer would process the appeal for him. Petitioner orally acknowledged his understanding of these rights. The court further instructed petitioner's attorney to file the appeal in the clerk's office if petitioner requested an appeal be filed. Finally, the court explained to petitioner that he could have a court-appointed counsel represent him on appeal and that he would be able to appeal without cost. Petitioner has not asserted in his petition, nor pointed to any evidence showing, that he ever requested that his trial counsel file an appeal on his behalf.

Under these circumstances, petitioner's claim that his trial counsel was ineffective for failing to file an appeal is meritless. It does not constitute cause sufficient to excuse the failure to raise the double jeopardy issue or any other issue on direct appeal. Thus, on this basis alone, the court denies petitioner's entire section 2255 petition.

■ Furthermore, even had an appeal been filed and the double jeopardy issue not been raised, petitioner could not excuse such a procedural default on the basis of appellate counsel's ineffectiveness. This is so because the double jeopardy claim lacks efficacy as the civil forfeiture in this case resulted in the forfeiture of drug trafficking proceeds under 21 U.S.C. § 881(a)(6).[2] Such a forfeiture does not constitute punishment for double jeopardy purposes. *United States v. Tilley,* 18 F.3d 295, 300 (5th Cir.1994) (forfeiture of illegal proceeds does not punish defendant because it exacts no price in liberty or lawfully derived property from him); *United States v. Leaniz,* No. CR–2–90–18, 1995 WL 143127, 1995 U.S.Dist. LEXIS 4039 (S.D.Ohio March 31, 1995) (defendant has no legitimate right in drug proceeds forfeited under section 881(a)(6) such that their forfeiture would constitute a punishment); *see also United States v. Wild,* 47 F.3d 669, 674 n. 11 and 676 (4th Cir.1995) (forfeiture of property constituting, or derived from, proceeds of an illegal activity is not punishment and, hence, not covered by the Excessive Fines Clause of the Eighth Amendment) (citing *Austin v. United States,* —— U.S. ——, —— n. 14, 113 S.Ct. 2801, 2812 n. 14, 125 L.Ed.2d 488 (1993)); *United States v. Alexander,* 32 F.3d 1231, 1236 (8th Cir.1994) (forfeiture of proceeds cannot be considered punishment in excessive fines context as it simply parts the owner from the fruits of the criminal activity). If there is no punitive effect to the forfeiture, as there is not in a section 881(a)(6) forfeiture, then a key element of a double jeopardy claim is missing. Thus, any failure to raise such a claim in either this court or a direct appeal

2. In disposing of the double jeopardy claim on this basis, the court is aware that the Seventh Circuit has not yet decided whether a civil forfeiture pursuant to section 881(a)(6) implicates double jeopardy concerns. *See United States v. Ruth,* 65 F.3d 599, 604 (1995).

 

does not rise to the level of ineffective assistance of counsel.[3]

As for the other issues raised by petitioner in his original petition, the Commerce Clause and Second Amendment claims, petitioner has not responded to the government's procedural default argument. He has not, as he has with his double jeopardy claim, pointed to counsel's ineffectiveness as the cause for his failure to raise these claims in either this court or in a direct appeal. Consequently, this court will not analyze either claim under the ineffective assistance standard.[4]

█ Petitioner also argues that he can raise the double jeopardy issue for the first time in a section 2255 petition because this court was without jurisdiction to sentence him for a second punishment. An unconditional guilty plea, such as the one entered by petitioner here, generally waives all nonjurisdictional defects in the proceeding. *United States v. Markling,* 7 F.3d 1309, 1312 (7th Cir.1993). Double jeopardy is a defense personal to a defendant and is nonjurisdictional. *See Paul v. Henderson,* 698 F.2d 589, 592 (2d Cir.1983); *United States v. Herzog,* 644 F.2d 713, 716 (8th Cir.1981); *see also United States v. Buonomo,* 441 F.2d 922, 924 (7th Cir.1971) (double jeopardy is a personal right which if not affirmatively pleaded at the time of trial will be regarded as waived).

Lastly, the court denies petitioner's motion for appointment of counsel and for an evidentiary hearing. There is no need for an evidentiary hearing in light of this court's disposition of the section 2255 petition without considering extrinsic matters. Petitioner's request for appointed counsel is tied to his motion for an evidentiary hearing. Thus, there is no need to appoint counsel either.

---

**3.** It is also very questionable whether the sale of the jewelry resulted in any punishment as the motion for such a sale was a joint one. It appears that at that point in the proceedings petitioner had no objection to selling the jewelry at auction. A failure to argue that such a method of forfeiture constituted punishment and, hence, double jeopardy is a very weak argument in support of an ineffective assistance of trial or appellate counsel claim.

**4.** Were the court to do so, petitioner would still not prevail. The Gun Control Act of 1968, of which section 924(c) is a part, does not violate the Second Amendment. *United States v. Lauch-*

## CONCLUSION

For the foregoing reasons, the court denies the petition filed pursuant to section 2255 and further denies the motions for appointment of counsel and for an evidentiary hearing as moot.

*li,* 444 F.2d 1037, 1041 (7th Cir.), *cert. denied,* 404 U.S. 868, 92 S.Ct. 162, 30 L.Ed.2d 112 (1971). As for the Commerce Clause claim, the court can find no authority to support such a theory. In fact, the courts considering similar arguments have rejected it. *See, e.g., United States v. Owens,* 996 F.2d 59, 60–61 (5th Cir. 1993) (18 U.S.C. § 924(c) is valid exercise of Commerce Clause power); *United States v. Dumas,* 934 F.2d 1387, 1390 (6th Cir.1990) (section 924(c) is valid measure designed to deter violence associated with drug trafficking, an activity validly regulated under Commerce Clause).